IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-0007–CR-W-HFS |
| | ) | |
| RAYMOND W. ZWEGO, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

In Doc. 91 I denied the motion to dismiss filed by Katheryn Shields, but on grounds not fully briefed by the parties. In order to allow briefing on the grounds I found persuasive, my ruling was "without prejudice to reconsideration on refiling, with further briefing on the issues of aiding and abetting". A renewed motion and further briefing has resulted.

This case has been "tried in the newspaper" to an unusual extent, having been initiated with a press conference by the former district attorney, some debating in the ensuing municipal election, and the authorized disclosure of some documents provided in pretrial discovery. See United States v. Zwego, 476 F. Supp. 2d 1125 (W.D. Mo. 2007). As indicated by a footnote in Doc. 78, it had been my early impression that the "case against Ms. Shields (perhaps) stands or falls on the significance of the signed Settlement Statement", one of the documents used at closing of the sale of the Cardarella-Shields residence.

For reasons stated in Doc. 91, I believe that as a matter of law the Settlement Statement cannot constitute a "false and fraudulent" document that would permit a conviction.[1] My conclusion is of course subject to further consideration by the trial judge. A motion in limine regarding the use of that document could help clarify its status in advance of trial.

What I refer to as an aiding and abetting issue remains, under my prior ruling, which is now being reconsidered. In other words, the division of proceeds with the alleged conspirators, as agreed to in closing documents, (most plainly in an "Assignment of Proceeds" referred to in Doc. 81) may suffice to obtain a conviction, I should suppose, but only if the Government has submissible proof that Ms. Shields knew the transaction was truly fraudulent. The evidence, if any, has not been disclosed to me, and need not be disclosed to the judge in advance of trial. In my earlier ruling, without benefit of briefing, I assumed such hypothetical proof could satisfy conspiracy law requirements and wire fraud requirements. We now have further briefing to consider.

Defendant contends, as a matter of definition, that we do not have an aiding and abetting case (or a joining of the conspiracy in some tangible manner before it was completed). Neither side offers any citation that fits or is similar to the context here. If there was knowledge of fraud by Ms. Shields and she nevertheless agreed to distribute a significant part of the proceeds of the sale to the

---

[1] The only thing arguably false is the reference to a sales contract, which apparently was not in writing (other than a forged document). Whether in writing or less formerly agreed to is, in my judgement, immaterial as a matter of law. That does not mean that, if Ms. Shields testifies the prosecutor could not debate with her regarding whether she believed she was representing that she had signed a sales contract. But that would be ordinary impeachment. The same is true of a purported conversation with an F.B.I. agent. As I understand the Government's briefing the prosecution has wisely backed away from contending, as might be understood from the press conference, that the "sales price" was being misrepresented. The document listed the price that the purchasers were expected to pay but also disclosed that the value placed on the property by the sellers was much less than $1.2 million. So the sellers did not misrepresent their opinion of the value, which would have been highly material.

perpetrators I again suppose she would not have been directly aiding the accomplishment of the fraud but would have abetted and promoted the fraud by giving written consent to such distribution. See the descriptive language in United States v. Jackson, 213 F.3d 1269, 1299 (10th Cir. 2000), vacated on different grounds, 531 U.S. 1033; Rice v. Paladin Enterprises, Inc., 128 F.3d 233, 251 (4th Cir. 1997), citing Nye & Nissen v. United States, 336 U.S. 613, 619 (1949). In the latter case the majority opinion states that the aiding and abetting concept "makes a defendant a principal when he consciously shares in a criminal act." 336 U.S. at 620. That would seem to be the central issue for trial, if the Government has enough evidence so that a reasonable jury could so find–beyond a reasonable doubt.

Neither the Government's responsive brief nor various contentions made by defendant on questions that were not invited by the earlier ruling need further consideration. While there may remain various problems of proof for the Government and some issues about meaningful instructions I remain of the view that a dismissal of the indictment would not be appropriate.

The renewed motion to dismiss is therefore DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May 21, 2007

Kansas City, Missouri